UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**JOSEFINA SOTO**, individually and
as parent and guardian on behalf of
minor **T.M.S.**, individually,

      **Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA,**

      **Defendant.**

Case No: _____

                             /

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

The Plaintiffs, **JOSEFINA SOTO**, individually and as parent and guardian on behalf of minor **T.M.S.**, individually**,** by and through their undersigned attorney, sue the Defendant, UNITED STATES OF AMERICA**,** and the Plaintiffs allege as follows:

### JURISDICTION, VENUE AND INTRODUCTION

1. Plaintiffs, **JOSEFINA SOTO**, individually and as parent and guardian on behalf of minor **T.M.S.**, individually**,** bring this complaint against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Section 1346(b).

2.      Formal Notice of this claim was made upon the Defendant, UNITED STATES OF AMERICA, through the Department of Health and Human Services, General Counsel, Claims Office of the Defendant, UNITED STATES OF AMERICA, by submitting Form 95-109, dated August 25, 2025, within the Statute of Limitations.  See **Composite Exhibit "1"**, Standard Form 95.

3.      The Plaintiffs Formal Notice was delivered on August 29, 2025, and acknowledgment of such delivery was received.  See **Composite Exhibit "2",** Delivery Confirmations and September 23, 2025, Acknowledgment of Administrative Tort Claims by Department of Health and Human Services, General Counsel, Claims Office of the Defendant, UNITED STATES OF AMERICA.

4.      The timeframe of six (6) months expired on February 28, 2026, for a response by Department of Health and Human Services, and therefore, is deemed denied.  Therefore, the Plaintiffs have exhausted their claims by filing the required forms with the Defendant and having their claims denied.

5.      The Complaint is being filed within the applicable statute of limitations.

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

6.    This action seeks damages for physical injuries suffered minor **T.M.S.,** as well as emotion pain and suffering, medical bills in the past and future, and the loss of consortium of his mother, JOSEFINA SOTO, as a result of negligent medical care and treatment at HealthPark Medical Center, on July 5, 2024.

7.    This Court has subject matter jurisdiction over this claim against the UNITED STATES OF AMERICA for money damages pursuant to 28 U.S.C. Section 1346(b).

8.    The acts and/or negligence giving rise to this claim occurred in the Middle District of Florida. Venue is proper under 28 U.S.C. Section 1402(b).

9.    At all times material hereto, Defendant, UNITED STATES OF AMERICA (USA), by Federal statute, is responsible under the Federal Torts Claim Act for any negligent acts and omissions of employee, agents and apparent agents of Family Health Centers of Southeast Florida, Inc., specifically DR. JEFFRY GARNER, DR. NATALIA BARRIENTOS, and DR. KRISTEN M. TURNER.

10.    DR. JEFFRY GARNER, DR. NATALIA BARRIENTOS, and DR. KRISTEN M. TURNER are Federal Qualified Health providers were worked in Lee County, Florida.

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

11. DR. JEFFRY GARNER, was either an employee, agent, or servant of Family Health Centers of Southeast Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

12. DR. NATALIA BARRIENTOS, was either an employee, agent, or servant of Family Health Centers of Southeast Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

13. DR. KRISTEN M. TURNER, was either an employee, agent, or servant of Family Health Centers of Southeast Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

14. Defendant UNITED STATES OF AMERICA is sued for **JOSEFINA SOTO**, individually and as parent and guardian on behalf of minor **T.M.S.**, individually personal injuries caused by the negligence or wrongful acts of employees and/or agents of Family Health Centers of Southeast Florida, Inc. Those employees and/or agents were acting within the scope of their office or employment during all times referenced hereto. Under the circumstances, the UNITED STATES OF AMERICA, if a private person, would be liable to the

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

Plaintiffs in accordance with the laws of the State of Florida. *See* 28 U.S.C. Section 1346(b).

15.    All pre-requisites to filing this Complaint have been timely satisfied.

### **FACTS GIVING RISE TO CAUSE OF ACTION**

16.    Josefina Soto Leon was a 38-year-old pregnant female who presented on July 3, 2024, to the Obstetric Emergency Department of HEALTHPARK MEDICAL CENTER with complaints of pelvic pressure, irregular contractions and concern for early labor. The baby's gestation was 31 weeks 2 days.

17.    She was admitted for observation and was assessed and given medications to stop the contractions and was advised by her OBGYN, DR. JEFFRY GARNER, that the baby was not ready to be delivered at that time.

18.    While she was in labor, Josefina Soto Leon and Baby T.M.S. were under the nursing care of KORBY BOLE, R.N., MARACELYS PAGAN-HERNANDEZ, R.N., REGAN HUGHES, R.N. and KASSIDY ECKERT, R.N.

19.    BABY T.M.S. was being monitored by a fetal heart tracing monitor on July 3, 2024.  However, at some point on July 4, 2024, at around 8:50 p.m., NURSE HUGHES recorded that the electronic fetal monitor was stopped after taking over for NURSE BOLE.

20.     The fetal heart tracing monitor was not restarted until around 5:00 a.m. on the morning of July 5, 2024.  Shortly after, it was determined that the fetal heart tracings were non-reassuring and needed physician intervention.

21.     At around 5:45 a.m., the labor and delivery nurse, NURSE HUGHES called DR. JEFFRY GARNER regarding the variability change on the baby's fetal heart monitor, specifically that the tracings were considered Category II-which is of serious concern. However, DR. GARNER did not come into the hospital to attend to the baby.

22.     At around 6:31 a.m., NURSE HUGHES attempted to contact DR. KRISTEN M. TURNER regarding the fetal heart tracings, but the nurse was unable to reach DR. TURNER and left a message.

23.     NURSE HUGHES was finally able to speak to DR. TURNER at around 6:37 a.m. and indicated that the fetal heart tracings showing minimal variability and intermittent late decelerations.

24.     Although DR. TURNER alerted the anesthesiologist to be ready for an impending cesarean section, she did not officially call for a cesarean section

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

until 7:30 a.m. and failed to indicate that it should have been an emergency cesarean section.

25.    The cesarean section was performed on July 5, 2024, by DR. TURNER with assistance from NATALIA BARRIENTOS SANTILLAN, M.D. Baby T.M.S. was not delivered until 8:55 a.m.

26.    There was an unreasonable delay in the delivery of minor T.M.S. such that it caused oxygen deprivation and an ensuing hypoxic ischemic encephalopathy with associated catastrophic global impairment for the rest of his life.

27.    As a proximate result of the delayed emergency cesarean section, T.M.S. has suffered a catastrophic neurologic injury. The failure to timely deliver him caused severe hypoxic ischemic encephalopathy to his brain and he continues to suffer catastrophic neurologic injuries and complications, and other bodily injuries, pain and suffering, disability, disfigurement, loss of the capacity for the enjoyment of life, medical and hospital care and costs, loss of earnings and the ability to earn in the future, rehabilitation expenses, mental anguish. Josefina Soto

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

Leon has suffered loss of her child's care, companionship, comfort, society, love and affection, and will suffer these losses in the future.

## COUNT I
## NEGLIGENCE - DR. JEFFRY GARNER

The Plaintiffs adopt, re-allege, and incorporate paragraphs 1 through 27 as if fully stated herein and further allege:

28.     Defendant, USA, by and through DR. JEFFRY GARNER, held itself out to the public, in general, and to JOSEFINA SOTO and minor, T.M.S., in particular, as a medical doctor capable of providing medical care and treatment in a competent, careful, and skilled manner in accordance with the prevailing professional nursing standards of care of similar doctors in like medical communities.

29.     DR. JEFFRY GARNER, had a duty to provide medical care to JOSEFINA SOTO and minor, T.M.S. in a manner that was consistent with the applicable standard of care for similarly situated healthcare providers.

30.     DR. JEFFRY GARNER was acting in the course and scope of his employment with the USA at all times relevant to this cause of action. The USA is

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

vicariously liable for DR. JEFFREY GARNER.

31.     Notwithstanding this duty of care, Defendant, USA, by and through, DR. JEFFRY GARNER breached its duty of care by doing or failing to do one or more of the following acts, any, some, or all of which were departures from the prevailing standard of care and treatment, to wit:

a. Negligently and carelessly failed to appropriately monitor T.M.S.' and carelessly failed to appropriately monitor T.M.S. fetal heart tracings prior to delivery;

b. Negligently and carelessly failed to acknowledge that T.M.S. should have been delivered prior to the time he was actually delivered as the fetal heart tracings were non-reassuring;

c. Negligently and carelessly failed to monitor and treat Josefina Soto's underlying medical conditions;

d. Negligently and carelessly failing to medically intervene in a timely manner;

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

e. Negligently and carelessly failing to timely deliver baby T.M.S. causing the baby to not receive enough oxygen and blood flow resulting in a hypoxic ischemia encephalopathy; and,

f. Failure to act reasonably under the circumstances.

32. As a direct and proximate result of the negligence of the USA, by and through DR. JEFFRY GARNER, the Plaintiffs have suffered damages as described in the below listed claims of damages.

33. The Plaintiffs make the below listed claims for damages.

**WHEREFORE**, the Plaintiffs, JOSEFINA SOTO, individually and as parent and guardian of minor T.M.S., individually and as parent and guardian of minor and on behalf of the minor child individually, demands judgment for damages against Defendant, USA, and any and all other relief this Court may deem just and appropriate.

## COUNT II
### NEGLIGENCE - DR. KRISTEN M. TURNER

The Plaintiffs adopt, re-allege, and incorporate paragraphs 1 through 27 as if fully stated herein and further allege:

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

34.     Defendant, USA, by and through DR. KRISTEN M. TURNER, held itself out to the public, in general, and to JOSEFINA SOTO and minor, T.M.S., in particular, as a medical doctor capable of providing medical care and treatment in a competent, careful, and skilled manner in accordance with the prevailing professional nursing standards of care of similar doctors in like medical communities.

35.     DR. KRISTEN M. TURNER, had a duty to provide medical care to JOSEFINA SOTO and minor, T.M.S. in a manner that was consistent with the applicable standard of care for similarly situated healthcare providers.

36.     DR. KRISTEN M. TURNER was acting in the course and scope of his employment with the USA at all times relevant to this cause of action. The USA is vicariously liable for DR. KRISTEN M. TURNER.

37.     Notwithstanding this duty of care, Defendant, USA, by and through, DR. KRISTEN M. TURNER breached its duty of care by doing or failing to do one or more of the following acts, any, some, or all of which were departures from the prevailing standard of care and treatment, to wit:

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

a. Negligently and carelessly failed to appropriately monitor T.M.S. fetal heart tracings prior to delivery;

b. Negligently and carelessly failed to acknowledge that T.M.S. should have been delivered prior to the time he was actually delivered as the fetal heart tracings were non-reassuring;

c. Negligently and carelessly failed to monitor and treat Josefina Soto's underlying medical conditions;

d. Negligently and carelessly failing to medically intervene in a timely manner;

e. Negligently and carelessly failing to timely deliver baby T.M.S. causing the baby to not receive enough oxygen and blood flow resulting in a hypoxic ischemia encephalopathy; and,

f. Failure to act reasonably under the circumstances.

38.     As a direct and proximate result of the negligence of the USA, by and through DR. KRISTEN M. TURNER, the Plaintiffs have suffered damages as described in the below listed claims of damages.

39.     The Plaintiffs make the below listed claims for damages.

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

**WHEREFORE**, the Plaintiffs, JOSEFINA SOTO, individually and as parent and guardian of minor T.M.S., individually and as parent and guardian of minor and on behalf of the minor child individually, demands judgment for damages against Defendant, USA, and any and all other relief this Court may deem just and appropriate.

## COUNT III
## <u>NEGLIGENCE - DR. NATALIA BARRIENTOS</u>

The Plaintiffs adopt, re-allege, and incorporate paragraphs 1 through 27 as if fully stated herein and further allege:

40.     Defendant, USA, by and through DR. NATALIA BARRIENTOS, held itself out to the public, in general, and to JOSEFINA SOTO and minor, T.M.S., in particular, as a medical doctor capable of providing medical care and treatment in a competent, careful, and skilled manner in accordance with the prevailing professional nursing standards of care of similar doctors in like medical communities.

41.     DR. NATALIA BARRIENTOS, had a duty to provide medical care to JOSEFINA SOTO and minor, T.M.S. in a manner that was consistent with the applicable standard of care for similarly situated healthcare providers.

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

42.     DR. NATALIA BARRIENTOS was acting in the course and scope of his employment with the USA at all times relevant to this cause of action. The USA is vicariously liable for DR. NATALIA BARRIENTOS.

43.     Notwithstanding this duty of care, Defendant, USA, by and through, DR. NATALIA BARRIENTOS breached its duty of care by doing or failing to do one or more of the following acts, any, some, or all of which were departures from the prevailing standard of care and treatment, to wit:

a.  Negligently                      and                      carelessly failed to appropriately monitor T.M.S. fetal heart tracings prior to delivery;

b.  Negligently and carelessly failed to acknowledge that T.M.S. should have been delivered prior to the time he was actually delivered as the fetal heart tracings were non-reassuring;

c.  Negligently and carelessly failed to monitor and treat Josefina Soto's underlying medical conditions;

d.  Negligently and carelessly failing to medically intervene in a timely manner;

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

e. Negligently and carelessly failing to timely deliver baby T.M.S. causing the baby to not receive enough oxygen and blood flow resulting in a hypoxic ischemia encephalopathy; and,

f. Failure to act reasonably under the circumstances.

44. As a direct and proximate result of the negligence of the USA, by and through DR. NATALIA BARRIENTOS, the Plaintiffs have suffered damages as described in the below listed claims of damages.

45. The Plaintiffs make the below listed claims for damages.

**WHEREFORE**, the Plaintiffs, JOSEFINA SOTO, individually and as parent and guardian of minor T.M.S., individually and as parent and guardian of minor and on behalf of the minor child individually, demands judgment for damages against Defendant, USA, and any and all other relief this Court may deem just and appropriate.

## CLAIM OF JOSEFINA SOTO
## AS PARENT/GUARDIAN OF BABY T.M.S.

46. As a direct and proximate result of the negligent conduct of the Defendant that caused injury to BABY T.M.S., JOSEFINA SOTO has, in the past, and will, in the future, continue to suffer the loss of her child's companionship,

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

society, love and affection, the medical expenses in the past and future that have and will be incurred for the injuries to T.M.S., the economic loss including any earnings lost in the past and loss of ability to earn money in the future reasonably resulting from the need to care or provide for T.M.S.. because of his injury and the loss of services, earnings or earning ability of her child in the past and in the future until the child reaches the legal age of majority for a disabled child.

**WHEREFORE**, the Plaintiffs, JOSEFINA SOTO, individually and as parent and guardian of minor T.M.S.., and on behalf of the minor child, T.M.S.., individually, demands judgment for damages against the Defendants, trial by jury of all issues so triable by law, as well as any other damages and/or costs available by law, and any and all other relief this Court may deem just and appropriate.

## CLAIM OF T.M.S.

47.     Plaintiff, T.M.S., as a direct and proximate result of the negligence of Defendants as set forth above, has, in the past, suffered and will, in the future, continue to suffer the following damages:

      a.     Bodily injury;

      b.     Pain and suffering;

FOGG LAW GROUP ⬤ TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ⬤ TEL. (561) 616-3000

    c.    Disability;

    d.    Disfigurement;

    e.    Loss of the capacity for the enjoyment of life;

    f.    Medical and hospital care and expenses in the past and in the future;

    g.    Loss of earnings;

    h.    Loss of earning capacity in the future;

    i.    Rehabilitation expenses; and

    j.    Mental distress.

**WHEREFORE**, the Plaintiffs, JOSEFINA SOTO, individually and as parent and guardian of minor T.M.S., and on behalf of the minor child, T.M.S., JOSEFINA SOTO, individually and as parent and guardian of minor T.M.S., and on behalf of the minor child, T.M.S., individually, demands judgment for damages against the Defendants, as well as any other damages and/or costs available by law, trial by jury of all issues so triable by law, and any and all other relief this Court may deem just and appropriate.

DATED, this ___ day of April, 2026.

FOGG LAW GROUP ● TRIAL LAWYERS
4440 PGA BOULEVARD, SUITE 306, PALM BEACH GARDENS, FL 33410 ● TEL. (561) 616-3000

Respectfully submitted,

**FOGG LAW GROUP**

4440 PGA Boulevard, Suite 306

Palm Beach Gardens, FL 33410

Telephone:   561.616.3000

*Facsimile:      561.688.0775*

Service Email: Service@FoggLawGroup.com

By _____*/s/ Ryan A. Fogg*_____

RYAN A. FOGG (68773)